**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Samuel M. Peterson,** | ) | **CASE NO. 1:18 CV 02939** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Capital Management Services, LP,** | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Capital Management Services, LP's Motion for Summary Judgment. (Doc. 10). This is a Fair Debt Collection Practices Act case. For the reasons that follow, Defendant's motion is DENIED.

**FACTS**

The facts of this case are largely undisputed. Plaintiff Samuel M. Peterson brings this lawsuit against Capital Management Services, L.P., alleging claims under the Fair Debt Collection Practices Act (the "FDCPA") and Ohio Consumer Sales Practices Act (the "OCSPA"). Plaintiff alleges that he is a "consumer" and Defendant is a "debt collector" as those

1

terms are defined by the FDCPA. (Doc. 1-2, ¶¶ 3-4). According to Defendant's affidavit, on September 5, 2018, an account in Plaintiff's name was placed with Defendant for collection by Discover Bank. (Doc. 10-1, ¶ 4). Defendant ran a bankruptcy search at that time, and did not find any bankruptcy filings associated with Plaintiff. *Id.* ¶ 5. The next day, Defendant called Plaintiff to discuss the account, and Plaintiff informed Defendant that he was represented by counsel. *Id.* ¶ 6. On September 7, 2018, Defendant sent an initial correspondence regarding Plaintiff's account to Plaintiff's counsel. *Id.* ¶ 8. On November 3, 2018, Plaintiff filed for Chapter 7 Bankruptcy. (Doc. 1-2, ¶ 7). The filing of this bankruptcy resulted in the imposition of the automatic stay under 11 U.S.C. § 362(a)(1)& (6). *Id.* ¶ 10. On November 6, 2018, Defendant sent a second letter to Plaintiff's counsel regarding the account. (Doc. 10-1, ¶ 10; Doc. 1-2, ¶ 11). The letter stated that it was an attempt to collect a debt, and included a settlement offer. (Doc. 1-2, Exhibit B). At the time the letter was sent, Defendant had not received notice that Plaintiff had filed for bankruptcy. (Doc. 10-1, ¶ 9). On November 7, 2018, Defendant received notice of Plaintiff's bankruptcy case. *Id.* ¶ 11.

### **STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its

>motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

3

**ANALYSIS**

Defendant argues that the collection letter dated November 6, 2018, did not violate the FDCPA because Defendant had not yet received notice of Plaintiff's bankruptcy when the letter was sent. Plaintiff responds that the FDCPA is a strict liability statute, and that Defendant's sending a collection letter after the initiation of the bankruptcy proceeding violated the statute.

The FDCPA prohibits "debt collectors" from "making false or misleading representations and from engaging in various abuses and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995); 15 U.S.C. § 1692d. The FDCPA is "an extraordinarily broad statute and must be construed accordingly." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448 (6th Cir. 2014) (internal citations omitted).

Plaintiff alleges that Defendant violated both 15 U.S.C. § 1692e and § 1692f by sending a collection letter during the pendency of the automatic stay in Plaintiff's bankruptcy case. The collection letter offered a settlement on Plaintiff's account, and stated that it was an attempt to collect a debt. (Doc. 1-2). Section 1692e prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, Plaintiff alleges that Defendant violated § 1692e(5), prohibiting "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* Plaintiff alleges that Defendant's collection letter implied that Defendant could collect on the account when it could not, due to the automatic stay. (Doc. 1-2, ¶ 22). Plaintiff also alleges that Defendant violated § 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt" by sending the collection letter after the automatic stay had been imposed. 15 U.S.C. § 1692f.

There is no dispute that as of November 3, 2018, Plaintiff's bankruptcy estate was protected by the Bankruptcy Code's automatic stay provisions. Defendant argues that it cannot be liable under the FDCPA because it had no knowledge of Plaintiff's bankruptcy case when it sent the collection letter, only three days after the bankruptcy case was filed.

The Court disagrees. The Sixth Circuit has unambiguously stated that, "[t]he FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent . . . and does not have to have suffered actual damages." *Stratton,* 770 F.3d at 449 (internal citations omitted). In *Stratton,* the Sixth Circuit held that the plaintiff adequately stated a claim under § 1692e(5) where the debt collector attempted to collect statutory prejudgment interest it was not legally entitled to collect. *Id.* at 443 (the debt collector's filing of a lawsuit to collect the interest constituted a "threat . . . to take action that cannot be legally taken" under the FDCPA.). Importantly, however, the FDCPA provides an affirmative defense "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1031 (6th Cir. 1992); *Gamby v. Equifax Info. Servs. LLC,* 462 Fed. Appx. 552, 556 (6th Cir. 2012) ("[E]ven under the FDCPA, outside of the relatively narrow bona-fide error exception, a good-faith error still gives rise to liability; indeed, a single act seeking payment from the wrong individual has been sufficient to constitute a violation."); *Kline v. Mortgage Electronic Registration Sys., Inc.,* 704 Fed. Appx. 451, 457 (6th Cir. 2017) (The FDCPA is a "strict liability statute unless a debt collector can show that the alleged violation was unintentional and resulted from a bona fide

5

error.")._[1]_ This interpretation of the FDCPA is consistent with other circuits that have addressed the issue. *See, e.g. Randolph v. IMBS, Inc.,* 368 F.3d 726, 728 (7th Cir. 2004) (reversing district court's dismissal of complaint where debt collector sent a collection letter to a debtor during the pendency of the automatic stay and holding, "[i]n lieu of a scienter requirement, the FDCPA provides a defense 'if the debt collector shows . . . that the violation was not intentional and resulted from a bona fide error. . ."); *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP,* 875 F.3d 128, 134 (2d Cir. 2017) ("The FDCPA is a strict liability statute: the Plaintiff does not need to show intentional conduct on the part of the debt collector.") (internal citations omitted).

Defendant does not dispute that the FDCPA is generally recognized as a strict liability statute. Rather, Defendant argues that the Sixth Circuit does not impose a duty of independent investigation upon debt collectors, and that because Plaintiff did not notify Defendant of its bankruptcy, Defendant should not be held liable. In support of its argument, Defendant cites *Smith,* 953 F.2d at 1031, and *Hubbard v. Nat'l Bond & Collection Assocs., Inc.,* 126 B.R. 422, 427 (D. Del. 1991). Defendant's argument is unavailing. In *Smith,* the Sixth Circuit stated that the FDCPA "does not require an independent investigation of the debt referred for collection . . . Instead, the FDCPA requires 'the maintenance of procedures reasonably adapted to avoid any such error.'" *Smith,* 953 F.2d at 1031 (citing 15 U.S.C.§ 1692k(c)). The Sixth Circuit concluded that the debt collector's error was "not intentional and resulted from a bona fide error." *Id.*

---

[1] Plaintiff and Defendant both acknowledge that the FDCPA provides for the bona fide error defense under 15 U.S.C. § 1692k(c). Defendant does not assert this defense in its motion. Rather, Defendant requests in its reply brief that it be permitted to present arguments on the application of this defense if the Court agrees with Plaintiff's arguments. The Court will not address any arguments or requests raised for the first time in a reply brief.

Thus, the *Smith* court found that debt collectors who do not perform an independent investigation and violate the statute may avail themselves of the bona fide error defense. As set forth above, Defendant has not presented arguments or evidence relating to the bona fide error defense. Rather, Defendant appears to ask the Court to read an intent or knowledge requirement into the FDCPA, but *Smith* does not support that reading and *Stratton* explicitly rejects it. 770 F.3d at 449 (6th Cir. 2014) (holding that under the FDCPA, "[a] plaintiff does not need to prove knowledge or intent"). Defendant's argument is unavailing.[2]

Defendant argues that denying its motion for summary judgment would represent a "radical shift in the burdens imposed on debt collectors" and lead to "absurd results." The Court disagrees. Although the Sixth Circuit has held that the FDCPA is a strict liability statute, it has also recognized that the FDCPA contains an affirmative defense for debt collectors who maintain procedures reasonably adapted to avoid violations of the statute. *See Smith v. Transworld Sys., Inc.,* 953 F.2d at 1032. Defendant could have moved for summary judgment on the basis of that affirmative defense, but chose not to do so. Defendant's motion for summary judgment on Plaintiff's FDCPA claim is denied.[3]

---

[2] For the same reasons, the Court also declines to follow *Hubbard,* 126 B.R. at 427. In *Hubbard,* the District of Delaware held that § 1692e "was intended to prohibit only knowing or intentional misrepresentations by debt collectors" in the context of a bankruptcy case. *Id.* at 427. The Sixth Circuit has expressly rejected this interpretation of the FDCPA. *See Stratton*, 770 F.3d at 449 (6th Cir. 2014). The *Hubbard* court's conclusion that the debtor "bears a responsibility" to notify the debt collector of the existence of a bankruptcy does not impact the analysis here.

[3] Although Defendant also purports to move for summary judgment on the OCSPA claim, Defendant makes no argument specific to that claim, other than to state that "any violation of any one of the

**CONCLUSION**

For the foregoing reasons, Defendant Capital Management Services, LP's Motion for Summary Judgment (Doc. 10) is denied.

IT IS SO ORDERED.

                         /s/ Patricia A. Gaughan
                         PATRICIA A. GAUGHAN
                         United States District Court
                         Chief Judge

Dated: 5/29/19

---

enumerated section of the FDCPA is necessarily an unfair and deceptive act or practice in violation of the [OCSPA]." *See Becker v. Montgomery Lynch,* 2003 WL 23335929, *2 (N.D. Ohio Feb. 26, 2003). Regardless of whether that statement accurately reflects the law (see *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 260-61 (6th Cir. 2014)), the Court will not dismiss the OCSPA claim at this time as the FDCPA claim remains pending.